UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS OCANSEY,<br><br>    Plaintiff,<br>v.<br><br>LTD FINANCIAL SERVICES,<br><br>    Defendant. | Civil Action No.<br><br>17-4557 (MCA) (LDW)<br><br>**REPORT & RECOMMENDATION** |

### LEDA DUNN WETTRE, United States Magistrate Judge

This matter, having been opened by the Court *sua sponte* based on plaintiff *pro se* Francis Ocansey's failure to comply with this Court's Order to appear for an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16, and plaintiff having failed to appear at the show-cause hearing ordered by the Court on March 19, 2018, (ECF No. 13), it is respectfully recommended that plaintiff's Complaint be stricken and that this action be dismissed without prejudice.

### BACKGROUND

Plaintiff *pro se* commenced this action by filing a Complaint in this Court on June 21, 2018. ECF No. 1. Plaintiff alleged that defendant LTD Financial Services violated 15 U.S.C. § 1681b(f) by obtaining plaintiff's consumer report without a permissible purpose. *See id.* Defendant filed an answer to the Complaint on January 25, 2018. ECF No. 10. The Court scheduled an in-person initial scheduling conference pursuant to Federal Rule of Civil Procedure 16 for March 15, 2018. ECF No. 11. The Letter Order scheduling the Rule 16 conference instructed the parties to meet and confer to prepare a Joint Discovery Plan ("JDP") and submit the plan to the Court three business days in advance of the conference. *Id.*

Plaintiff did not appear for the Rule 16 conference on March 15, 2018 or respond to defense counsel's request for input into the JDP the Court required to be submitted in advance of the conference. *See* ECF Nos. 12, 12-1. Accordingly, the Court issued an Order directing plaintiff to appear in person on April 30, 2018 to show cause why the Court should not recommend dismissal of this action for failure to prosecute. ECF No. 13. The Order also instructed plaintiff file a letter by April 16, 2018 confirming that he would appear on April 30, 2018 and outlining why the action should not be dismissed. *Id.* The Clerk's Office sent a copy of that Order via certified mail to plaintiff's last known address in addition to the electronic notice that was sent to plaintiff's email address. ECF Nos. 13, 14.

Plaintiff did not submit a position statement or confirm attendance at the hearing by April 16, 2018, as ordered. Nor did plaintiff appear on April 30, 2018 at the show-cause hearing. Accordingly, for the reasons below, the Court recommends dismissal of the Complaint without prejudice.

## ANALYSIS

The Federal Rules of Civil Procedure authorize the Court to impose sanctions for failure to respond to the Court's Orders, appear for a scheduling or pretrial conference, and to prosecute a case. In all instances, dismissal may be an appropriate penalty. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(A), 41(b).

In *Poulis v. State Farm Fire and Casualty Co.*, the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

2

> (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Rule 41(b). *Iseley v. Bitner*, 216 Fed App'x 252, 254-55 (3d Cir. 2007). The Court concludes that the *Poulis* factors, addressed below, weigh in favor of dismissal.

**1. Plaintiff's Personal Responsibility.** In this case, it appears that plaintiff alone is responsible for his failure to comply with this Court's Orders to prepare a JDP, appear for the Rule 16 conference, submit a position statement by April 16, 2018, or appear for the show-cause hearing. The relevant Orders were served to the email address and mailing address that plaintiff provided to the Court. In addition, defense counsel reported that he sent plaintiff an email regarding preparation of a JDP, but plaintiff did not respond. Plaintiff's failure to comply demonstrates a willful decision to disregard the Court's Orders.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's Orders has prejudiced defendant. Plaintiff initiated this action in September 2017 but has made no effort to move this case forward since then by appearing for conferences or hearings or conferring with defense counsel as ordered by the Court. Defendant, on the other hand, spent time preparing a JDP and appearing for conferences that did not go forward due to plaintiff's continued failure to appear. Furthermore, due to plaintiff's unresponsiveness, the Court has been

3

unable to set a discovery schedule and defendant has been unable to request discovery necessary to defend itself in this action. Plaintiff's failure to comply with the Court's Orders has prejudiced defendant and merits dismissal of this action. *See Joyce v. Cont'l Airlines, Inc.*, Civ. A. No. 09-2460 (MK), 2011 WL 2610098, at *2 (D.N.J. June 15, 2011), *report and recommendation adopted*, Civ. A. No. 09-02460 (WJM), 2011 WL 2607110 (D.N.J. June 30, 2011); *Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 475 (D.N.J. 2008).

**3. History of Dilatoriness.** Plaintiff repeatedly has failed to appear or otherwise respond to the Court's Orders, and thus has demonstrated a history of dilatoriness. Other than filing a Complaint, plaintiff has done nothing to pursue this action.

**4. Willfulness or Bad Faith.** Having no information about the reasons for plaintiff's unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or conclude whether it was undertaken in bad faith. The circumstances taken as a whole, however, suggest that plaintiff has abandoned this matter.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous opportunities to appear or provide a position to the Court, and despite this Court's warning of the consequences of continued inaction, plaintiff has failed to respond to Court Orders and prosecute this case. The Court has been unable to move this action forward. On these facts, no lesser sanction would be effective. *See Days Inn Worldwide, Inc.*, 249 F.R.D. at 476.

**6. Meritoriousness of the Claims.** Given that plaintiff became unresponsive at a very preliminary stage of this action, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court Orders, including an Order to Show Cause why this case should not be dismissed, which demonstrates a pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes failure adequately to prosecute this matter.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's Complaint be stricken and the matter be **DISMISSED WITHOUT PREJUDICE**. The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Federal Rule of Civil Procedure 72(b)(2).

Dated: May 7, 2018.

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

cc: The Hon. Madeline Cox Arleo, U.S.D.J.